**12 CIV 5756**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Melinda Martinez | § | |
|    Plaintiff | § | Case No.: _____ |
| v. | § | |
| Experian Information Solutions, Inc., and | § | |
| John Does #1-3 | § | |
|    Defendants | | |

### ORIGINAL COMPLAINT AND JURY DEMAND

*Introduction*

1. Plaintiff is a consumer who has been subjected to Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and various other state laws. The FCRA requires that credit reporting agencies (CRAs) follow reasonable procedures to assure maximum possible accuracy in credit reports, which includes a duty to conduct a reasonable reinvestigation of disputed information on a report

2. This case involves the verification on Plaintiff's Experian credit report of a judgment that had been vacated. Despite repeated written disputes including receiving copies of the court order vacating the judgment, Defendants continued to willfully communicate that the judgment was still valid.[1]

3. Defendants violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy. Also, despite having received actual notice of incorrect information, Defendants violated the FCRA by failing to reasonably investigate the disputed information. Furthermore, Defendants defamed Plaintiff and violated her privacy by publishing false information to third-parties.

---

[1] Incidentally, the Bronx civil court ultimately dismissed the collections lawsuit with prejudice, which is an adjudication on the merits that the debt is not owed.

4. As a direct and proximate result of Defendants' violations, Plaintiff suffered damages, including, but not limited to, the denial of credit, damage to her reputation, emotional distress, annoyance, aggravation, frustration, and legal fees. Therefore Plaintiff is entitled to recover these damages in this lawsuit. Moreover, because Defendants willfully violated the FCRA, Plaintiff is entitled to an award of punitive damages

### Jurisdiction and Venue

5. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Parties

8. Plaintiff Melinda Martinez (Plaintiff or Martinez) is a citizen of New York who resides within this District.

9. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

10. Defendant Experian Information Solutions, Inc. (Experian) is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

11. Experian is a "consumer reporting agency," as defined by FCRA §1681a(f).

12. Defendant John Does # 1-3 are business entities, whose name is currently unknown to Plaintiff, who the credit reporting agencies used as an intermediary to investigate Plaintiff's dispute with the credit reporting agencies. Said Defendants operate as both a consumer reporting

agency and a furnisher under the FCRA. John Does # 1 – 3 furnished credit information to consumer reporting agency and others, falsely verifying that a judgment that had been vacated against Melinda Martinez was still in place. Defendant John Does # 1-3 Defendant regularly conducts business in the Southern District of New York.

### *Factual Allegations*

13. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

14. The inaccurate information includes, but is not limited to, a default judgment from the Bronx County Civil Court that was vacated and dismissed against Plaintiff.

15. Despite receiving hard copies of the Order vacating the judgment and dismissing the Complaint, Defendants re-reported the judgment, causing Plaintiff to be denied credit.

16. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

17. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

18. Specifically, Defendants John Does #1-3 assumed the role of communicating and publishing select public records information, including information about bankruptcies, judgments and tax liens, to other CRAs, such as TransUnion, Equifax, and Experian.

19. Defendants John Does # 1-3 communicate and publish such information to third parties

such as the national CRAs on a regular basis for a fee.

20. Defendants John Does # 1-3 communicated such information to third parties about Plaintiff for a fee on multiple occasions since at least 2010.

21. Defendants John Does # 1-3 know that the information they communicated to third parties about Plaintiff is used and expected to be used in ordinary consumer transactions, including to be used as a factor in determining Plaintiff's eligibility for credit as well as the terms of any extension of credit.

22. Defendants John Does #1-3 know that the information they communicated and published for a fee to third parties about Plaintiff is derogatory and negatively bears upon Plaintiff's creditworthiness, credit standing, and credit capacity.

23. As set forth below, Plaintiff has repeatedly disputed the inaccurate information with Defendants Experian through the national CRAs by both oral and written communications to their representatives and by following the CRAs' established procedures for disputing consumer credit information.

24. Defendant Experian, and the other CRAs gave notice of Plaintiff's disputes to John Does # 1-3, and all Defendants purportedly investigated Plaintiff's disputes.

25. Plaintiff did not know about John Does # 1-3 at the time of the disputes because those Defendants willfully and deliberately conceal their role in selling public records information, including the information they sold to third parties about Plaintiff.

26. The only mechanism available to Plaintiff and other consumers to put Defendants John Does # 1-3 on notice of their errors in communicating and publishing inaccurate public records information about Plaintiff is through the procedures established by the national CRAs.

27. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information. Defendant Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors until sometime after this lawsuit was filed and served. Defendant Experian has repeatedly published and disseminated consumer reports with the inaccurate information concerning Plaintiff to third parties, including but not limited to, from at least 2011 through the present.

28. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

29. Plaintiff has applied for and has been denied various loans and extensions of consumer credit. The basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and the inaccurate information was a substantial factor for those denials. Plaintiff has also been discouraged from applying for credit given the reporting of the judgment.

30. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of credit and loan opportunities, out-of-pocket expenses including, but not limited to, postage for dispute letters, costs of copies, and other related costs, all of which will continue into the future.

31. As a result of Defendants' conduct, Plaintiff has suffered great emotional distress and mental anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future,

all to Plaintiff's great detriment and loss.

32. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score and/or credit standing.

34. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

35. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

*Plaintiff's Disputes through Experian*

36. Defendant Experian is a consumer reporting agency as defined in the Fair Credit Reporting Act, 15 U.S.C.§ 1681. Defendant is a consumer reporting agency because it collects, evaluates and distributes information about credit history and credit worthiness.

37. On or about August 2, 2006, a debt collector sued Plaintiff in Bronx County Civil Court, LVNV Funding, LLC v. Melinda Martinez, No. CV-063752-06/BX (N.Y. Civ. Ct. August 2, 2006) (hereinafter, "the collections lawsuit").

38. The Bronx County Civil Court is not a "creditor grantor" or "furnisher" within the meaning of the FCRA.

39. The Bronx County Civil Court does not communicate credit information to Experian's credit reporting system.

40. On or about January 18, 2007, the court entered a default judgment against Plaintiff in the collections lawsuit.

41. Three years later, Experian prepared a credit report about Plaintiff for an employer. The credit report listed the judgment against Plaintiff from the collections lawsuit. In a letter dated February 19, 2010, Experian told Plaintiff that they had given her credit report to the employer and that the report contained information about the judgment from the collections lawsuit.

42. That same year, on or about December 28, 2010, Plaintiff filed a motion to vacate judgment in the collections lawsuit. Shortly thereafter, on or about March 3, 2011, the court granted Plaintiff's motion to vacate judgment and dismissed the collections lawsuit with prejudice. A dismissal with prejudice is am adjudication on the merits that the putative debt was not owed.

43. Subsequently, on or about August 1, 2011, Plaintiff sent a letter to the three major credit reporting agencies, Experian, Equifax and Transunion, informing them that the judgment from the collections lawsuit had been vacated and dismissed with prejudice. Because the collections lawsuit was dismissed with prejudice, Plaintiff also requested that the debt be removed from her credit reports, as is required under the FCRA.

44. On August 16, 2011, contrary to the fact that the collections lawsuit had been vacated and dismissed, Experian replied to Plaintiff's letter and refused to remove the judgment from Plaintiff's credit report, asserting that the debt from the lawsuit was still valid, despite readily accessible proof that it was not.

45.    In response, Plaintiff sent a letter to Experian on September 1, 2011 and September 21, 2011 notifying them that the collections lawsuit judgment had been vacated and dismissed with prejudice.

46.    Shortly thereafter, on October 13, 2011, Plaintiff sent Experian another letter telling them that the judgment was vacated. With her letter, Plaintiff included: 1) a copy of the court's web page showing that the judgment was vacated and dismissed; 2) a copy of the court order vacating judgment; 3) the court order dismissing the case; and 4) the Experian's credit report listing the judgment. Again, Plaintiff requested that Experian remove the judgment from her credit report. Experian received this letter and the enclosed documents on October 20, 2011.

47.    On or about October 24, 2011, Experian sent Plaintiff a letter, informing Plaintiff that they could not use any of the information that she had provided. Experian stated that it would use its own means to verify the status of the collections lawsuit judgment. Experian offered no explanation as to why Plaintiff's documents were insufficient to prove the fact that the collections lawsuit was vacated and dismissed.

48.    On or about November 7, 2011, Experian issued a credit report for Plaintiff. The debt from the collections lawsuit was still listed in the report.. The same day, Experian sent Plaintiff a letter stating that they had modified her credit report. However, the modified credit report still listed the debt from the collections lawsuit despite the vacated judgment. The only difference between the new credit report and the original credit report was an ambiguous statement that the information about the collections lawsuit had been updated.

49.    Later that month, on November 29, 2011, Wells Fargo rejected an application that Plaintiff had filed for an unsecured credit card. Plaintiff had needed financing for educational

expenses. Wells Fargo stated that their decision to deny Plaintiff's credit application was based, in whole or in part, on the credit report produced by Experian. In violation of the FCRA, Experian's credit report continued to list the default judgment against Plaintiff from the collections lawsuit, despite the fact that the judgment had been vacated.

50. In addition, on December 1, 2011, Experian issued yet another credit report for Plaintiff. The default judgment from the collections lawsuit was still listed in the report. Furthermore, an account with HSBC was also listed on Plaintiff's report, even though HSBC had informed Experian that Plaintiff's account with them had been sold and that any balance that may have been due was transferred in the sale.

51. Finally, as of April 2, 2012, Experian continued to list the default judgment from the collections lawsuit on Plaintiff's credit report even though the judgment was dismissed with prejudice.

52. Experian knew and continues to know that reporting a civil judgment on a person's credit report is adverse to the person's credit report.

53. Experian knew and continues to know that reporting a civil judgment on Plaintiff's credit report was and continues to be actually damaging to Plaintiff.

*False Reporting Directly By John Does # 1-3*

54. Despite Plaintiff's repeated disputes to Equifax, Experian, and Transunion, which upon information and belief were forwarded in some form to John Does # 1-3, Defendants John Does # 1-3 continued to publish and disseminate the inaccurate information about the Bronx County Civil Court judgment not only to Experian and possibly Equifax and Transunion- but directly to creditors from whom Plaintiff sought credit.

55. Upon information and belief, John Does # 1-3 continue to publish and disseminate inaccurate information about the Bronx County Civil Court judgment on Plaintiff's credit report and continues to provide the information to third parties, including Defendant Experian, and other varied creditors

### COUNT I (against Experian)
### Violations of FCRA §1681e and §1681i, and the subsections thereto

56. Plaintiff restates, re-alleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

57. Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as defined under 15 U.S.C. § 168Ia(d).

58. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Section 168Ie(b) of the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." And, when a consumer disputes the accuracy of any information on a credit report, FCRA § 1681i(a)(l) requires a CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file..." Furthermore, FCRA § 1681i(a)(4) requires a CRA to review and consider all relevant information submitted by the consumer when conducting its investigation.

60. By reporting a civil court judgment on Plaintiff's credit report after the judgment had been vacated and the case dismissed, Experian violated 15 U.S.C. §1681e(b) because it negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy

in Plaintiff's credit report.

61. By reporting a civil court judgment on Plaintiff's credit report after it knew the judgment had been vacated and the case dismissed, Experian violated 15 U.S.C. § 1681e(b) because it willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiff's credit report.

62. By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the judgment and provided a copy of the Bronx County Civil Court Order vacating the judgment and dismissing the case, Experian violated 15 U.S.C. § 1681i because it negligently failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

63. By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the Bronx County Civil Court Order vacating the judgment and dismissing the case, Experian violated 15 U.S.C. § 1681i because it willfully failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

64. By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the Bronx County Civil Court Order vacating the judgment and dismissing the case, Experian violated 15 U.S.C. 1681i(a)(4) because it negligently failed to review and consider relevant information provided by the consumer concerning the dispute.

65. By reporting a civil court judgment on Plaintiff's Experian credit report after Plaintiff disputed the information and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Experian violated 15 U.S.C. 1681i(a)(4) because it willfully failed to review and consider relevant information provided by the consumer concerning the dispute.

66. As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

67. Experian is liable to Plaintiff for the actual damages she has sustained as a direct and proximate result of such conduct, together with punitive damages, as well as her reasonable attorney fees under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
### Violations of FCRA §§ 1681e and 1681i, and the subsections thereto
### (Plaintiff v John Does # 1 – 3)

68. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

69. At all times pertinent hereto, Defendants John Does #1-3 were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

70. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

71. Under 15 U.S.C.§ 1681n and 15 U.S.C. § 1681o, Defendants John Does # 1-3 are liable to the Plaintiff for engaging in the following conduct: (a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 16Sli; (b) willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b); (c) willfully and negligently failing to comply with the requirements imposed on furnishers of information under 15 U.S.C. § 1681s-2(b); and (d) willfuly and negligently failing to comply with the FCRA in every other applicable respect,

including 15 U.S.C. §§ 1681c and 1681g.

72. The conduct of Defendants John Does #1-3 was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants John Does #1-3 are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III
### Experian's willful and malicious defamation of Plaintiff
### (Plaintiff v. Experian)

73. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

74. Defendant Experian has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

75. Defendant Experian has published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

76. The statements made by Defendant Experian are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

77. Defendant Experian has published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

78. Defendant Experian knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

79. The written statements and publications constitute libel per se.

80. The oral statements and publications constitute slander per se.

81. In addition, and despite repeated notices from Plaintiff, Defendant Experian has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

82. Because it knowingly published false, inaccurate, and misleading information about a New York City Civil Court judgment on Plaintiff's credit report, Defendant Experian maliciously defamed Plaintiff.

83. Experian had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

84. Experian's actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

85. As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

86. Experian is liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

87. Plaintiff is entitled to an award of punitive damages from Experian in an amount sufficient to punish it for its malicious and reckless conduct as well as to serve as a deterrent to Experian and to other CRAs in order to prevent the occurrence of such egregious conduct in the future.

88. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief permitted under the law.

## COUNT IV
### John Does # 1-3's willful and malicious defamation of Plaintiff
### (Plaintiff v. John Does # 1-3)

89. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

90. Defendants John Does # 1-3 have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

91. Defendants John Does # 1-3 have published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

92. The statements made by Defendants John Does # 1-3 are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

93. Defendants John Does # 1-3 have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

94. Defendants John Does # 1-3 knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

95. The written statements and publications constitute libel per se.

96. The oral statements and publications constitute slander per se.

97. In addition, and despite repeated notices from Plaintiff, Defendants John Does # 1-3 has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

98. Because they knowingly published false, inaccurate, and misleading information about a New York City Civil Court judgment on Plaintiff's credit report, Defendants John Does # 1-3 maliciously defamed Plaintiff.

99. John Does # 1-3 had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

100. John Does # 1-3's actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

101. As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

102. John Does # 1-3 are liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

103. Plaintiff is entitled to an award of punitive damages from John Does # 1-3 in an amount sufficient to punish it for its malicious and reckless conduct as well as to serve as a deterrent to John Does # 1-3 and to other CRAs in order to prevent the occurrence of such egregious conduct in the future.

104. Defendant John Does # 1-3's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant John Does # 1-3 is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**COUNT V**
**Negligence**
**(Plaintiff v. Experian and John Does # 1-3)**

105. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

106. Defendants' negligence consists of the following: (a) Violating the FCRA as set forth above; (b) Disregarding Plaintiff's rights and failing to comply with state laws; (c) Failing to provide prompt notice of the inaccurate information to creditors; (d) Failing to employ and follow reasonable procedures to assu1•e maximum possible accuracy of Plaintiff's credit report, information and file; (e) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and continuing to report the inaccurate information

despite having knowledge of the inaccuracies and/or the inability to be verified.

107. As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

108. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, punitive damages, as well as such other relief, permitted under the law.

## COUNT VI
### Invasion of Privacy/False Light
### (Plaintiff v. Experian and John Does # 1-3)

109. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

110. Defendants' above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

111. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

112. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY DEMAND

113. Plaintiff demands a trial by jury.

## PRAYER

114. For these reasons, plaintiff asks for judgment against defendants for the following:

   a. The above referenced relief requested;

   b. Statutory damages under the FCRA of not less than $100 and no more than $1,000, or actual damages, whichever is greater pursuant to 15 U.S.C. § 1681n.

   c. Actual, exemplary, and punitive damages within the jurisdictional limits of the court;

   d. Attorney fees and costs;

   e. Prejudgment and post-judgment interest as allowed by law;

   f. General relief;

   g. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled.

Dated: Brooklyn, NY  
March 12, 2012

Respectfully submitted,

Ahmad Keshavarz  
Attorney for Plaintiff

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:   (877) 496-7809 (toll-free)
       Email: ahmad@NewYorkConsumerAttorney.com