## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MELINDA MARTINEZ,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 12-CV-5756 (HB)** |
| **EXPERIAN INFORMATION SOLUTIONS, INC. LEXISNEXIS RISK SOLUTIONS FL, INC. (f/k/a LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC.),** | **Electronically Filed** |
| **Defendants.** | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant Experian Information Solutions, Inc., ("Experian") by its undersigned counsel, and in answer to the First Amended Complaint and Jury Demand ("Amended Complaint") of Melinda Martinez ("Plaintiff"), states as follows:

## INTRODUCTION

1.       In response to paragraph 1 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions for which no response is required.  To the extent a response is required, Experian admits that Plaintiff purports to state claims allegedly arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.  Experian denies violating the FCRA.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Amended Complaint.

2.     In response to paragraph 2 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 2.

3.     In response to paragraph 3 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 3.

4.     In response to paragraph 4 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 4.

## JURISDICTION AND VENUE

5.     In response to paragraph 5 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

6.     In response to paragraph 6 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

7.     In response to paragraph 7 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

8.     In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 8.

9.      In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 9.

10.      In response to paragraph 10 of the Amended Complaint, Experian admits that it is an Ohio corporation that is qualified to do business in the State of New York.

11.      In response to paragraph 11 of the Amended Complaint, Experian admits that it is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

12.      In response to paragraph 12 of the Amended Complaint, Experian admits that LexisNexis Risk & Information Analytics Group, Inc. ("LexisNexis") is the vendor Experian used to investigate Plaintiff's dispute regarding a judgment that was reported on her Experian consumer disclosure.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 12.

13.      In response to paragraph 13 of the Amended Complaint, Experian admits that LexisNexis was the public records vendor it used to investigate the validity of the judgment at issue.  Experian further admits that LexisNexis verified that the judgment at issue was valid.

## FACTUAL ALLEGATIONS

14.      In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 14.

15.      In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph 15.

16.     In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 16.

17.     In response to paragraph 17 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 17.

18.     In response to paragraph 18 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 18.

19.     In response to paragraph 19 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 19.

20.     In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 20.

21.     In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 21.

22.     In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 22.

23.     In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 23.

24.     In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 24.

25.     In response to paragraph 25 of the Amended Complaint, Experian admits that it investigated Plaintiff's disputes regarding the judgment at issue.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 25.

26.     In response to paragraph 26 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph 26.

27.     In response to paragraph 27 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 27.

28.     In response to paragraph 28 of the Amended Complaint, Experian denies that it published or disseminated Plaintiff's consumer reports with inaccurate information about the judgment at issue after August 23, 2012.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 28.

29.     In response to paragraph 29 of the Amended Complaint, Experian denies violating the FCRA.  Experian further denies that it failed to note the disputed status of the judgment at issue on Plaintiff's consumer reports.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 29.

30.     In response to paragraph 30 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 30.

31.     In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph 31.

32.     In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 32.

33.     In response to paragraph 33 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 33.

34.     In response to paragraph 34 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 34.

35.     In response to paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 35.

36.     In response to paragraph 36 of the Amended Complaint, Experian denies violating any laws.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 36.

## PLAINTIFF'S DISPUTES THROUGH EXPERIAN

37.     In response to paragraph 37 of the Amended Complaint, Experian admits that it is

a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

38.     In response to paragraph 38 of the Amended Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph

38.

39.     In response to paragraph 39 of the Amended Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph

39.

40.     In response to paragraph 40 of the Amended Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph

40.

41.     In response to paragraph 41 of the Amended Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph

41.

42.     In response to paragraph 42 of the Amended Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph

42.

43.     In response to paragraph 43 of the Amended Complaint, Experian admits that
Plaintiff filed a motion to vacate the judgment in the collections lawsuit on December 28, 2010.
Experian further admits that on or about March 3, 2011, Bronx County Civil Court granted
Plaintiff's motion to vacate a judgment and on or about July 12, 2011, Bronx County Civil Court
dismissed the collections lawsuit.  Experian admits that a dismissal with prejudice is an
adjudication of a case on the merits.

44.     In response to paragraph 44 of the Amended Complaint, Experian admits that on
or about August 9, 2011, Experian  received a letter from Plaintiff dated August 4, 2011, in
which Plaintiff provided information stating that the judgment in the collections lawsuit had been
dismissed with prejudice.  Experian is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations and, on that basis, denies, generally and
specifically, each and every remaining allegation contained in paragraph 44.

45.     In response to paragraph 45 of the Amended Complaint, Experian admits that on
August 16, 2011, Experian sent Plaintiff a letter which stated: "We have already investigated this
information and the credit grantor has verified its accuracy."  Except as specifically admitted,
Experian denies, generally and specifically, each and every remaining allegation of paragraph
45.

46.     In response to paragraph 46 of the Amended Complaint, Experian denies that
Plaintiff sent a letter to Experian on or about September 1, 2011 or on or about September 21,
2011.

47.     In response to paragraph 47 of the Amended Complaint, Experian admits that on
October 20, 2011, Experian received a letter from Plaintiff dated October 13, 2011, in which
Plaintiff stated that the collections lawsuit judgment had been vacated and dismissed.  Experian

further admits that Plaintiff included with her letter: 1) a copy of a webpage from the Bronx County Civil Court's website showing that the judgment had been vacated and dismissed; 2) a copy of the Bronx County Civil Court's order vacating the collections lawsuit judgment; 3) a copy of the Bronx County Civil Court's order dismissing the collections lawsuit with prejudice; and 4) an Experian webpage showing the collections lawsuit judgment.

48.      In response to paragraph 48 of the Amended Complaint, Experian admits that on October 24, 2011, Experian sent Plaintiff a letter stating it could not use the information provided by Plaintiff to Experian in her letter dated October 13, 2011.   Experian further admits that in its October 24, 2011 letter, Experian stated that it would contact the source of the information Plaintiff questioned in order to verify that information and did not provide an explanation about why it was not able to use information sent by Plaintiff.

49.      In response to paragraph 49 of the Amended Complaint, Experian admits that on November 7, 2011, it provided a consumer file disclosure with dispute results to Plaintiff, which stated that revisions had been made to Plaintiff's credit file.  Experian denies that it sent Plaintiff a separate letter on November 7, 2011.   Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 49.

50.      In response to paragraph 50 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 50.

51.      In response to paragraph 51 of the Amended Complaint, Experian denies that it issued a credit report for Plaintiff on December 1, 2011.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that

basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 51.

52.     In response to paragraph 52 of the Amended Complaint, Experian admits that Plaintiff's credit reports issued prior to August 23, 2012 included a public records account from the Bronx County Civil Court for a judgment in favor of LVNV Funding Ltd. Liability Co. in the amount of $1,632.00.

53.     In response to paragraph 53 of the Amended Complaint, Experian admits that reporting a civil judgment on a consumer's credit report may be viewed as adverse by potential credit grantors.

54.     In response to paragraph 54 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 54.

## FALSE REPORTING DIRECTLY BY LEXISNEXIS

55.     In response to paragraphs 55 through 56 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraphs 55 through 56.

## COUNT I (AGAINST EXPERIAN)

56.     In response to paragraph 57 of the Amended Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 56 inclusive, with the same force and effect as if set forth at length herein.

57.     In response to paragraph 58 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 58.

58.     In response to paragraph 59 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 59.

59.     In response to paragraph 60 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions for which no response is required. To the extent that a response is required, Experian denies the accuracy of Plaintiff's interpretation of the FCRA.

60.     In response to paragraph 61 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 61.

61.     In response to paragraph 62 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 62.

62.     In response to paragraph 63 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 63.

63.     In response to paragraph 64 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 64.

64.     In response to paragraph 65 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 65.

65.     In response to paragraph 66 of the Amended Complaint, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 66.

66.     In response to paragraph 67 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 67.

67.     In response to paragraph 68 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions for which no response is required.  To the extent that a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 68.

## COUNT II (PLAINTIFF V. LEXISNEXIS)

68.     In response to paragraph 69 of the Amended Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 68 inclusive, with the same force and effect as if set forth at length herein.

69.     In response to paragraphs 70 through 73 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraphs 70 through 73.

## COUNT III (PLAINTIFF V. EXPERIAN)

70.     In response to paragraph 74 of the Amended Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 73 inclusive, with the same force and effect as if set forth at length herein.

71.     In response to paragraph 75 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 75.

72.     In response to paragraph 76 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 76.

73.     In response to paragraph 77 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on

that basis, denies, generally and specifically, each and every allegation contained in paragraph 77.

74.     In response to paragraph 78 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 78.

75.     In response to paragraph 79 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 79.

76.     In response to paragraphs 80 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 80.

77.     In response to paragraphs 81 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 81.

78.     In response to paragraphs 82 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 82.

79.     In response to paragraph 83 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 83.

80.     In response to paragraph 84 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 84.

81.     In response to paragraph 85 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 85.

82.     In response to paragraph 86 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 86.

83.     In response to paragraph 87 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 87.

84.     In response to paragraph 88 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on

that basis, denies, generally and specifically, each and every allegation contained in paragraph 88.

85.     In response to paragraph 89 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 89.

## COUNT IV (PLAINTIFF V. LEXISNEXIS)

86.     In response to paragraph 90 of the Amended Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 89 inclusive, with the same force and effect as if set forth at length herein.

87.     In response to paragraphs 91 through 105 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every allegation contained in paragraphs 91 through 105.

## COUNT V (PLAINTIFF V. EXPERIAN AND LEXISNEXIS)

88.     In response to paragraph 106 of the Amended Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 105 inclusive, with the same force and effect as if set forth at length herein.

89.     In response to paragraph 107 of the Amended Complaint and each of its subparts, Experian denies violating the FCRA.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 107.

90.     In response to paragraph 108 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 108.

91.     In response to paragraph 109 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 109.

## COUNT VI (PLAINTIFF V. EXPERIAN AND LEXISNEXIS)

92.     In response to paragraph 110 of the Amended Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 109 inclusive, with the same force and effect as if set forth at length herein.

93.     In response to paragraph 111 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 111.

94.     In response to paragraph 112 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 112.

95.     In response to paragraph 113 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 113.

## JURY DEMAND

96.     In response to paragraph 114 of the Amended Complaint, Experian admits that Plaintiff purports to request a trial by jury.

## PRAYER

97.     In response paragraph 115 of the Amended Complaint and each of its subparts, lettered "a" through "g," Experian denies, generally and specifically, each and every allegation contained therein, and specifically denies that Plaintiff is entitled to judgment against, or any relief whatsoever from, Experian in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Amended Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (QUALIFIED IMMUNITY)

All of Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All of Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
## (INDEMNIFICATION)

Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Any alleged damages sustained by Plaintiff is, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

The Amended Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
## (LACHES)

The Amended Complaint and each claim for relief therein are barred laches.

## TENTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.


WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff takes nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.


Dated: New York, New York                Respectfully submitted,
       February 28, 2013

                                         */s/ Helena O. Ajudua*
                                         Helena O. Ajudua (HA7961)
                                         JONES DAY
                                         222 East 41st Street
                                         New York, New York  10017-6702
                                         Tel: (212) 326-3939
                                         Fax: (212) 755-7306
                                         Email Address: hoajudua@jonesday.com

                                         *Attorney for Defendant Experian Information*
                                         *Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Helena O. Ajudua, a lawyer admitted to the bar of this Court, hereby certify under penalty of perjury that, on this 28th day of February, 2013, I caused a true and correct copy of the foregoing to be served by electronic filing via the Court's CM/ECF system to counsel of record for all parties.

_/s/ Helena O. Ajudua_
Helena O. Ajudua